UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIO CELLI,<br><br>　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>JUDGE KATZMAN; MAGISTRATE SCANLON; JUDGE BRODIE; JUDGE COGAN; AUSA BRADY; AUSA BENSING; AUSA KARAMIGIOUS; AUSA JOHN DOE; MS. VON DORNUM; MS. OLIVERA; MR. WEIL; MS. GERLERNT; FEDERAL DEFENDERS (Board of Directors); MR. HUESTON; MR. TAYLOR; MS. SILVERMAN; MR. SILVERMAN; US MARSHALS; SEN. SCHUMER; RHODA WEINGARTEN (Randi or evil mob boss or Grand Leech); MAYOR DEBLASIO; NYC CITY COUNSEL MEMBERS; THE UFT (Cash Cow Milking Leeches); JOHN OR JANE DOE of the DOE; ELIZABETH COMBIER; SUSAN EDELMAN of the NY POST; NYC DEP'T OF EDUCATION,<br><br>　　　　　　　　　　　Defendants. | 22-CV-2354 (CS)<br><br>ORDER OF DISMISSAL |

CATHY SEIBEL, United States District Judge:

　　　　Plaintiff Lucio Celli, who is appearing *pro se,* brings this action seeking damages and injunctive relief in connection with his appeal of his conviction in the United States District Court for the Eastern District of New York, on charges of transmitting threats to injure another, *United States v. Celli*, No. 19-CR-0127 (PAE) (ST) (E.D.N.Y. July 20, 2021), *appeal pending*, 21-1760-CR (2d Cir.).[1] Plaintiff paid the filing fees to initiate this action. The Court dismisses the complaint for the reasons set forth below.

---

[1] On the same day Plaintiff filed this action, March 23, 2022, he brought a substantially similar complaint against some of the same defendants that also was assigned to me. *See Celli v. Perez*, ECF 1:22-CV-2353, 1 (S.D.N.Y.).

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

To the extent Plaintiff's complaint can be understood, he seems to bring this action challenging his criminal case in the Eastern District of New York, which is now on appeal with the United States Court of Appeals for the Second Circuit. He styles his complaint as an action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and names as Defendants: (1) federal judges (Circuit Judge Robert Katzmann,[2] District Judges Brian Cogan and Margo Brodie, and Magistrate Judge Vera Scanlon); (2) several Assistant United States Attorneys from the Eastern District of New York; (3) the Federal Defenders of New York, Inc., as well as several attorneys employed there; (4) several attorneys

---

[2] Judge Katzmann died on June 9, 2021.

2

on the Eastern District of New York's Criminal Justice Act (CJA) panel; (5) the United States Marshals; (6) Senator Chuck Schumer; (7) the United Federation of Teachers (UFT) and Randi Weingarten, President of the American Federation of Teachers; (8) former Mayor Bill de Blasio; (9) unidentified New York City Council members; (10) Elizabeth Combier; (11) Susan Edelman of the New York Post; and (12) the New York City Department of Education (DOE).

Plaintiff's claims fall into the following categories: (1) claims against the federal judges, federal prosecutors, defense attorneys, and the United States Marshals, arising out of Plaintiff's criminal proceedings; (2) claims against Senator Schumer arising out of federal judicial appointments; (3) claims against Combier and Edelman regarding their reporting about Plaintiff; and (4) claims against Weingarten and the DOE, seemingly relating to his previous employment at DOE. It is unclear why Plaintiff sues the former Mayor and unidentified New York City Council members.

The following facts are taken from the complaint, verbatim:

> The NYC DOE discounted my health benefits 5 days BEFORE the US Marshalls obtained an arrested warrant and gave the arrest as the reason, so the DOE ended my health benefits 6 days before I was arrested—Nov 9, 2018. . . . I had a kangaroo hearing as my detention hearing/probable hearing. Judge Scanlon (clerked for Katzman), Ms. Olvera, and AUSA Brady deprived me of all safeguards written in Bail Reform Act, which are needed to protect the substantive rights—according to the Supreme Court in Salerno. . . . The NYCDOE and the UFT denied me retro money because I was denied and there were no leaves for detention. Statements about Judge Cogan and his crime against me for the UFT . . . Judges were recommended by Sen. Schumer to president . . . Per the Judicial Conference website, the head of the Federal Defenders (who is or was Ms. Von Dornum) chosen or appointed by late Chief Judge Katzman [citation omitted] . . . I include correspondence to Shannon Kopplin and Senate, especially ethics committee . . . Judge Cogan was of counsel for the UFT . . . Judge Cogan had Betsy post items about [the UFT and Randi Weingarten] either to shame me, like my HIV status, or deprive me of a fair trial . . . [and] NYPOST reporter (Edelman) was given my health information, which she printed to deprive me of a fair trial.

(ECF 1, at 2-5) (any errors in original).

3

Plaintiff previously brought a similar action challenging his criminal conviction, as well as concerning proceedings before the DOE regarding his former DOE employment. *See Celli v. New York Dep't of Ed.*, ECF 1:21-CV-10455, 10 (S.D.N.Y. Jan. 3, 2022). Plaintiff had invoked the court's federal question and diversity jurisdiction, *see* 28 U.S.C. §§ 1331-1332, asserting that his claims arose under 42 U.S.C. § 1983 and New York law. On January 3, 2022, Chief Judge Laura Taylor Swain dismissed the action, finding that: (1) § 1983 was not the proper vehicle to challenge Plaintiff's criminal conviction; (2) the claims should not be construed as brought under 28 U.S.C. § 2255 – the proper vehicle to challenge a criminal conviction – because Plaintiff's appeal was pending and this District was not the proper venue to bring a § 2255 motion; and (3) the court did not have diversity jurisdiction over any state law claims because Plaintiff and most of the defendants were citizens of New York.

## DISCUSSION

**A.      Challenges to criminal conviction**

For the reasons stated in the January 3, 2022 order of dismissal, the Court dismisses all claims arising from Plaintiff's criminal proceedings in *Celli*, No. 19-CR-0127. As already explained to Plaintiff, a civil rights action is *not* the proper vehicle to challenge a criminal conviction. Challenges to the constitutionality of a federal conviction may be raised on direct appeal from the conviction or in a motion under § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").

The Court also declines to characterize this new civil action as brought under § 2255 because his direct appeal in the Court of Appeals is still pending. Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," such review should proceed only in extraordinary circumstances because "the

4

results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). Moreover, should Plaintiff eventually seek *habeas* relief, he must do so in the district of conviction, *see* § 2255(a) (§ 2255 motion must be brought in "the court which imposed the sentence."), which in this case is the Eastern District of New York.

**B.    State Law Claims**

The Court cannot exercise diversity jurisdiction over any state law claims Plaintiff may be asserting under 28 U.S.C. § 1332. To establish diversity jurisdiction under § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states and allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Moreover, § 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (holding that Section 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants."). Here, all of the defendants named in the complaint appear to be citizens of New York. Thus, diversity of citizenship does not exist at all, let alone completely.

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The Court therefore dismisses Plaintiff's state law claims without prejudice to Plaintiff's pursuing them in an appropriate forum.

### C.     Leave to Amend Futile

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### WARNING

On January 3, 2022, Chief Judge Swain dismissed Plaintiff's complaint challenging his criminal conviction in the Eastern District of New York. *Celli*, ECF 1:21-CV-10455, 10 (S.D.N.Y. Jan. 3, 2022). As noted above, the order of dismissal detailed the reasons why Plaintiff could not challenge his criminal conviction in a civil rights action. In response, or despite that order, Plaintiff filed this new civil rights action, as well as a second civil rights action, *see Celli*, ECF 7:22-CV-2353, 1 (CS), challenging his conviction.

In light of this litigation history,[3] the Court finds that Plaintiff was or should have been aware that he may only challenge his conviction by appealing his conviction – which he is doing – or by filing a § 2255 motion in the Eastern District of New York. *See Sledge v. Kooi*, 564 F.3d

---

[3] Plaintiff also has been barred in the Second Circuit where a leave-to-file sanction was imposed on January 12, 2018. *See Celli v. Cole*, No. 17-234-cv (2d Cir. Jan. 12, 2018).

105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that filing a new civil rights action in this court, challenging his Eastern District of New York conviction, will result in an order barring him from filing any new action challenging that conviction, without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's constitutional challenges to his conviction in the Eastern District of New York are dismissed without prejudice to his pursuing these claims on direct appeal from his conviction or in a collateral challenge to his conviction. The Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. The Clerk shall close the case.

The Court warns Plaintiff that filing a new civil rights action in this court, challenging his Eastern District of New York conviction, will result in an order barring him from filing any new action challenging that conviction, without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 30, 2022
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge